# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**GERARD WATROBSKI,**

    **Plaintiff,**            CIVIL ACTION NO. 16-cv-11632

    v.                           DISTRICT JUDGE GERSHWIN A. DRAIN

**FCA US, LLC,**              MAGISTRATE JUDGE MONA K. MAJZOUB

    **Defendant.**

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL [32] [35] [38]

This matter comes before the Court on Plaintiff Gerard Watrobski's Motion to Compel (docket no. 32), Plaintiff's Motion to Compel More Specific Answers to Supplemental Interrogatories (docket no. 35), and Plaintiff's Motion to Compel Depositions of Defendant's Employees (docket no. 38). Defendant FCA US, LLC responded separately to each of Plaintiff's Motions. (Docket nos. 41-43). Plaintiff has not replied to Defendant's Responses. The Motions have been referred to the undersigned for consideration. (Docket nos. 33, 36, 39.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

## I.    BACKGROUND

Plaintiff worked for Defendant and its predecessors from April 1, 1977, until his termination on July 1, 2015. (Docket no. 1 ¶¶ 3, 13.) Plaintiff initiated this employment discrimination action on May 6, 2016, alleging that Defendant discriminated against him on the

basis of age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, *et seq.* (*Id.* ¶ 17.) Specifically, Plaintiff alleges that Defendant treated him differently from other employees and terminated his employment in favor of younger employees. (*Id.* ¶¶ 6, 14.) According to Plaintiff, "Defendant and its management set out to make the work environment for Plaintiff and older workers stressful and unbearable" and "made it known that it was Defendant's goal to hire young and innovative workers." (*Id.* ¶¶ 8-9.) Plaintiff alleges Defendant made his work environment unbearable by instituting a Performance Improvement Plan, under which his work performance was subject to periodic review and was rated as unacceptable. (*Id.* ¶ 11.) He further alleges that "Defendant's placing Plaintiff on a Performance Improvement Plan was a pretext to the ultimate discharge of Plaintiff because of his age." (*Id.* ¶ 18.) Plaintiff claims that he has suffered financially and that he has experienced significant emotional distress as a result of Defendant's actions, for which he seeks damages in excess of $75,000.00. (*Id.* ¶¶ 15-16.)

## II. GOVERNING LAW

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly

broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed. R. Civ. P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Rule 30 allows a party to conduct a deposition of any person without leave of court, subject to certain exceptions. Fed. R. Civ. P. 30(a)(1). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, or if the person whose deposition is sought under Rule 30 fails to properly comply with the rule, Rule 37 provides the party who sent the discovery or noticed the deposition the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B).

### III. ANALYSIS

#### A. Plaintiff's Motion to Compel [32]

Through his first Motion, Plaintiff seeks to compel more specific answers to his First Set of Interrogatories and Requests for Production, the deposition of Defendant's Chief Executive Officer (CEO), Sergio Marchionne, and answers to his Supplemental Interrogatories. (Docket no. 32.) Plaintiff served his First Set of Interrogatories and Requests for Production on Defendant on June 29, 2016. (Docket no. 41 at 6.) After receiving an extension of time to respond to Plaintiff's requests, Defendant served its responses on Plaintiff on August 12, 2016. (*Id*.; docket no. 32 at 9-22.) On January 19, 2017, Plaintiff's counsel informed Defendant's counsel that he was not satisfied with Defendant's answers to the First Set of Interrogatories, and he asked Defendant's counsel to supplement those answers. (Docket no. 41-2.) Plaintiff then filed the instant Motion on February 24, 2017, in which he asserts that the information supplied

3

by Defendant in response to his interrogatories and requests for production "was vague and in some instances no information was provided." (Docket no. 32 at 3.)

As an initial matter, the Court notes the sheer deficiency of Plaintiff's Motion. Plaintiff does not specifically identify by number the interrogatories or requests for production at issue in his Motion. Instead, he leaves it to the Court to cross-reference the information he seeks to compel with his First Set of Interrogatories and Requests for Production. Moreover, other than his general statement that the information provided by Defendant was "vague," Plaintiff does not provide any explanation, cite to any case law, or make any argument regarding why Defendant's answers or responses to his discovery requests are deficient or why Defendant's objections should be overruled. Essentially, as Defendant points out, the Court is left to speculate regarding the reason for Plaintiff's dissatisfaction with Defendant's responses. (*See* docket no. 41 at 7.) Conversely, Defendant, in its Response to Plaintiff's Motion, has identified Interrogatory nos. 1-5 and Request for Production (RFP) no. 3 as the discovery requests at issue in this matter. (*Id.* at 7-14.) Defendant has also provided explanations for its answers and/or objections to Plaintiff's requests and arguments regarding why its answers and/or objections should stand. Accordingly, the Court will do its best to address Plaintiff's Motion in this regard by addressing each of the discovery requests at issue and Defendant's responses thereto in turn.

Plaintiff's Interrogatory no. 1 asks Defendant to "identify each and every person providing any information to these answers to Interrogatories and/or response [sic] to Request for Production of Documents, including each person's name, business address, job title, tenure with Defendant and the information provided." (Docket no. 32 at 11.) Defendant responded as follows:

> FCA US objects to Interrogatory no. 1 to the extent it seeks information protected
> by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege. Subject to and without waiving its objections, Terry W. Bonnette signs these interrogatories as to objections and Louann Van Der Wiele will sign as to answers.

(*Id.* at 11-12.) In its Response to Plaintiff's Motion, Defendant explains that Ms. Van Der Wiele is its Vice President and Associate General Counsel. (Docket no. 41 at 8.) Defendant then asserts that the production of any additional information responsive to this interrogatory would reveal the substance of conversations between Defendant and its counsel, which information is protected by the attorney-client privilege. (*Id.*)

The Court finds that Defendant's answer to Interrogatory no. 1 is not wholly responsive, as it is unclear whether Ms. Van Der Wiele answered the interrogatories based on personal knowledge or whether she consulted with other persons to do so. To the extent that Ms. Van Der Wiele did consult with other persons to answer Plaintiff's interrogatories, the production to Plaintiff of the names and titles of those persons would not result in the dissemination of privileged information as Defendant suggests. Accordingly, the Court will grant Plaintiff's Motion in part with regard to Interrogatory no. 1 and order Defendant to amend its answer within fourteen (14) days of this Opinion and Order to either provide the names and job titles of the persons with whom Ms. Van Der Wiele consulted to respond to Plaintiff's First Set of Interrogatories and Requests for Production or explain that she did not consult with other persons to respond to the requests.

Plaintiff's Interrogatory no. 2 asks Defendant to:

[P]rovide any and all wage information for Plaintiff from the time of his hiring to the date of his firing as well as the value of any and all fringe benefits Plaintiff received in the last 5 years and would have continued to receive through the end of 2017.

(Docket no. 32 at 12.) It appears, however, that Plaintiff's Motion only seeks to compel the information from this interrogatory regarding the value of Plaintiff's fringe benefits. (*See id.* at

5

2, 34.) Defendant objected to this interrogatory as vague and ambiguous, among other things, and responded that it is unsure what is meant by "the value of any and all fringe benefits." (*Id*. at 12-13.) The Court agrees that Plaintiff's interrogatory is vague in this regard, and in light of Defendant's undisputed assertion that Plaintiff has made no effort to clarify what he means by the "value" of fringe benefits (*see* docket no. 41 at 8), the Court will deny Plaintiff's Motion to compel a more specific answer to Interrogatory no. 2.

> Plaintiff's Interrogatory nos. 3 and 4 are reproduced below:
>
> Please identify any and all investigations conducted into Plaintiff's employment with Defendant, his personal life, his involvement, if any, with social media including each such investigator's name, address, relationship to Defendant, job title, dates of investigation and results of any such investigation.
>
> Please provide the name, business address, job title, tenure with Defendant of each and every person having material information regarding the circumstances surrounding Plaintiff's employment, examination of circumstances regarding Plaintiff's termination, his termination and any and all statements obtained relative to this matter including the identity of each person providing a statement, the identity of each person obtaining the statement and the dates of each statement.

(Docket no. 32 at 13, 14.) The phrases "any and all investigations conducted into Plaintiff's employment with Defendant," "material information regarding the circumstances surrounding Plaintiff's employment," and "any and all statements obtained relative to *this matter*" are so vague, ambiguous, and/or overly broad in time and scope, that they seek information disproportionate to the needs of, and quite possibly irrelevant to, this case. These interrogatories as written make it nearly impossible for Defendant to search for and gather the information necessary to provide full and complete answers, especially considering Plaintiff's 38-year employment with Defendant and its predecessors. The Court will therefore deny Plaintiff's Motion with regard to Interrogatory nos. 3 and 4.

The Court will address Plaintiff's Interrogatory no. 5 and RFP no. 3 together, as they both seek similar information from Defendant, as follows:

> Please identify the name of each person, his or her address, of each person making claims against Defendant or its predecessors alleging age discrimination or wrongful discharge including any and all complaints made to governmental agencies including but not limited to, the EEOC and/or claims filed in state or federal courts including the date of each such complaint, the location of the worker making such complaint and the outcome of each such complaint.

> Please provide a copy of all complaints wherein a claim of age discrimination is made against Defendant or its predecessors from 2008 through the present.

(Docket no. 32 at 14; docket no. 41 at 14.) These discovery requests suffer from the same flaws as Plaintiff's Interrogatory nos. 3 and 4 in terms of breadth. As Defendant points out, Interrogatory no. 5 covers the entire 93-year history of Defendant and its predecessors, including those entities that dissolved in bankruptcy years ago. (*See* docket no. 41 at 12.) And while Plaintiff limits the temporal scope of RFP no. 3, the request is still overly broad because it encompasses complaints made by any of Defendant's thousands of employees working in locations across the United States and beyond.[1] Moreover, the relevancy of the "me too" evidence Plaintiff seeks to uncover is narrowly circumscribed; therefore, the burden of the producing the discovery sought by Plaintiff outweighs its likely benefit. *Megivern v. Glacier Hills Inc.*, No. 11-10026, 2012 WL 529977, at *23 (E.D. Mich. Feb. 17, 2012), *aff'd*, 519 F. App'x 385 (6th Cir. 2013) (citing Fed. R. Civ. P. 26(b)(2)(C)(iii) and *Schrand v. Federal Pacific Elec. Co.,* 851 F.2d 152, 156 (6th Cir. 1988)). Accordingly, Plaintiff's Motion regarding Interrogatory no. 5 and RFP no. 3 will be denied.

As previously noted, Plaintiff also seeks to compel the deposition of Defendant's CEO, Sergio Marchionne. Plaintiff's Motion fails in both form and substance. While Plaintiff

---

[1] Defendant employed approximately 83,800 employees as of December 2016. *See* http://www.fcanorthamerica.com/company/AboutUs/Pages/AboutUs.aspx (visited September 13, 2017).

indicates in his Motion that he noticed the deposition of Mr. Marchionne, he has violated Eastern District of Michigan Local Rule 37.2 by failing to attach a copy of the deposition notice to the Motion, and he provides no further information regarding the notice. Plaintiff also fails to provide any information regarding the relevance of Mr. Marchionne's testimony to this matter. This District has denied motions to compel depositions of high-level corporate executives (or issued protective orders enjoining the same) where there is no showing that the corporate officer or high-level executive has "unique personal knowledge" of the facts at issue. *See Marsico v. Sears Holding*, No. 06-10235, 2007 WL 1006168 (E.D. Mich. Mar. 29, 2007); *Devlin v. Chemed Corp.*, No. 04-CV-74192-DT, 2005 WL 2313859 (E.D. Mich. Sept. 21, 2005). It is the moving party's burden to demonstrate that the officer or executive has such knowledge. *Id*. Plaintiff's theory that Defendant started hiring younger workers to replace older workers under the leadership and direction of Mr. Marchionne is insufficient to meet this burden. Accordingly, the Court will deny Plaintiff's Motion to Compel the deposition of Mr. Marchionne.

Plaintiff further moves to compel Defendant's responses to his Supplemental Interrogatories. (*See* docket no. 32 at 23-30.) Plaintiff claims that he submitted his Supplemental Interrogatories to Defendant in December of 2016, but that he had not yet received Defendant's responses at the time the instant Motion was filed. (Docket no. 32 at 3.) In its Response to Plaintiff's Motion, Defendant indicates that Plaintiff served the Supplemental Interrogatories upon Defendant via e-mail, which email Defendant's counsel never received. (Docket no. 41 at 18.) Defendant's counsel also indicates that Defendant never consented in writing to receive service via email under Federal Rule of Civil Procedure 5(b)(2)(E). (*Id*.) Defendant argues that Plaintiff's December 2016 service of his Supplemental Interrogatories was therefore improper and ineffective. (*Id*. at 18-19.) The Court agrees. Plaintiff again improperly

served the Supplemental Interrogatories on Defendant via email on January 25, 2017. (*Id*. at 19.) Despite the improper service, Defendant answered Plaintiff's Supplemental Interrogatories and served its answers via mail on February 24, 2017, the same day that Plaintiff filed the instant Motion. (*Id*.) Because Defendant has answered Plaintiff's Supplemental Interrogatories, the Court will deny this portion of Plaintiff's Motion as moot. The sufficiency of Defendant's answers to Plaintiff's Supplemental Interrogatories is the subject of Plaintiff's subsequent motion to compel, which will be addressed below.

>  **B.    Plaintiff's Motion to Compel More Specific Answers to Supplemental Interrogatories [35]**

Plaintiff now moves to compel Defendant to provide more specific answers to his aforementioned Supplemental Interrogatories. As an initial matter, Plaintiff's Supplemental Interrogatory no. 1 and Defendant's answer thereto are essentially identical to Plaintiff's Interrogatory no. 1 of Plaintiff's First Set of Interrogatories and Defendant's answer thereto, which the Court addressed above. (*Compare* docket no. 35 at 10 *with* docket no. 32 at 11-12.) Accordingly, the Court will grant Plaintiff's Motion in part with regard to Supplemental Interrogatory no. 1 and order Defendant to amend its answer within fourteen (14) days of this Opinion and Order to either provide the names and job titles of the persons with whom Ms. Van Der Wiele consulted to respond to Plaintiff's Supplemental Interrogatories or explain that she did not consult with other persons to respond to the requests.

The remaining nine supplemental interrogatories request the same information, the only difference being the year for which the information is requested. A consolidated version of the interrogatories is reproduced below:

> During the year[s 2008-2016], identify the number of information technology employees placed on a Performance Improvement Plan (PIP) and the number of

PIPs, if an individual was placed on more than one PIP in a given year, for employees in the following decades of age:
    (a) Twenties;
    (b) Thirties;
    (c) Forties;
    (d) Fifties;
    (e) Sixties;
    (f) Seventies.

(*See* docket no. 35 at 10-21.) For the sake of brevity, the Court has also consolidated Defendant's answers to Supplemental Interrogatory nos. 2-7 and 10:

> FCA US objects to Supplemental Interrogatory No[s. 2-7 and 10] because [they] are overly broad in time and scope and [they] seek[] irrelevant information that is not proportional to the needs of this litigation. Plaintiff was not placed on a PIP in [the years 2008-2013 and did not work for FCA US in 2016]. As an individual plaintiff, Plaintiff must produce evidence that he personally was discriminated against. He may not rely on pattern and practice evidence or "me too" evidence to support his claims. FCA US also objects to the extent the interrogatory seeks information for time periods outside the applicable statutory limitations period [or the scope of this lawsuit], information regarding persons reporting to different managers and supervisors than Plaintiff, information regarding the actions of persons who were not decision makers regarding Plaintiff's employment, and information that pertains to a corporate entity dissolved in bankruptcy. FCA US is not providing any information on the basis of its objections.

(*See id*. at 11-17, 21.) With respect to Supplemental Interrogatory nos. 8 and 9, which seek information for the years 2014 and 2015, Defendant indicated that it had undertaken a reasonable search to determine if relevant and discoverable information exists with which to answer the interrogatories; that it had not yet completed its search; and that it would supplement its answers if it located any such information. (*Id*. at 18-20.)

In the instant Motion, Plaintiff asserts that Defendant's answers to the Supplemental Interrogatories are "woefully insufficient," and he claims that the information sought "is relevant, material, and intended to support Plaintiff's prosecution of this case." (Docket no. 35 at 1, 2.) Plaintiff, however, does not address any of the objections raised by Defendant, and he does not make any further argument regarding the relevancy of the information sought, or its

proportionality to the needs of this case. Defendant argues that Plaintiff's Motion should be denied because (1) "it is impossible to tell why exactly Plaintiff believes FCA US's responses are 'woefully insufficient;'" (2) Plaintiff failed to properly serve the Supplemental Interrogatories upon Defendant; (3) Defendant has properly answered Supplemental Interrogatory nos. 1, 8, and 9; and (4) the information sought through Supplemental Interrogatory nos. 2-7 and 10 is not discoverable. (Docket no. 42 at 8-12.) Plaintiff has not replied to Defendant's Response.

The Court has previously acknowledged the improper service of Plaintiff's Supplemental Interrogatories upon Defendant; however, Defendant did not raise improper service as an objection in its response to the Supplemental Interrogatories, and it is improper for Defendant to do so for the first time in its Response to Plaintiff's Motion. Defendants have therefore waived this argument, and the Court will not deny Plaintiff's Motion on the basis of improper service. Nevertheless, like Plaintiff's previously-discussed interrogatories, Plaintiff's Supplemental Interrogatories are overly broad in both time and scope. The relevancy of information dated all the way back to 2008 is not clear, and Plaintiff has not provided any explanation regarding the same. Moreover, the request for data concerning all of Defendant's information technology employees would be an incredibly burdensome task for Defendant to complete, considering the size and breadth of Defendant's operations. The Court will therefore deny Plaintiff's Motion on these bases and will do so with regard to Supplemental Interrogatory nos. 2-7 and 10. With regard to Supplemental Interrogatory nos. 8 and 9, however, because Defendant has agreed to answer them if it is able to compile responsive information for the years 2014 and 2015, and because the record does not reflect whether Defendant has been able to do so, the Court will grant in part Plaintiff's Motion with respect to these interrogatories and order Defendant to

amend its answer within fourteen (14) days of this Opinion and Order to either provide the information requested or explain that after conducting a reasonable search and making a reasonable effort, it was unable to compile information responsive to these requests.

### C. Plaintiff's Motion to Compel Depositions of Defendant's Employees [38]

On December 22, 2016, Plaintiff noticed the depositions of seven of Defendant's purported employees for January 16 and 17, 2017: Andrew Gross, David Swartz, Robert Ford, Jim Olzem, Sergio Marchionne, Elizabeth Hummel, and Babu.[2] (Docket no. 38 at 2, 7.) Defendant's counsel indicated that Defendant was unavailable on those dates, and the parties were thereafter unable to determine any mutually agreeable dates of availability for the depositions. (*See* docket no. 38 at 2, 3; docket no. 43 at 6-7, 10; docket no. 43-3, docket no. 43-5.) Plaintiff then filed the instant Motion on March 7, 2017, in which he asserts that defense counsel's inability to provide a date for the depositions is a deliberate effort to prohibit Defendant's employees from being deposed. (Docket no. 38 at 3.) After Plaintiff filed the instant Motion, defense counsel informed Plaintiff that it was able to secure the availability of Mr. Gross, Mr. Olzem, and Mr. Ford for depositions on March 14 and 24, 2017, dates on which Plaintiff's counsel previously represented to defense counsel that he would be available for depositions. (Docket no. 43 at 7; docket no. 43-6.) Plaintiff's counsel then revoked his availability for March 14, 2017. (*Id.*) It is unclear from the record whether the March 24, 2017 deposition of Mr. Olzem took place.

Defendant argues that Plaintiff's Motion should be denied because (1) "it is nothing more than an eleventh-hour attempt to take depositions after the discovery cutoff date;" (2) the deposition notices were not properly served; (3) Plaintiff cannot demonstrate a need to depose Mr. Marchionne; (4) Plaintiff noticed the depositions of individuals who are not employees of

---

[2] Again, Plaintiff has violated Local Rule 37.2 by failing to attach a copy of the deposition notices to his Motion.

Defendant; and (5) Plaintiff cancelled the depositions of individuals for dates upon which counsel had previously agreed. (Docket no. 43 at 5.)

Defendant explains that it has no authority to command the appearances of Ms. Hummel or Babu for a deposition because Ms. Hummel no longer works for Defendant and is believed to have relocated to the State of New York, and Babu was never an employee of Defendant but a third-party contractor employed by an unrelated entity. (Docket no. 43 at 16.) Where Defendant does not have control over Ms. Hummel or Babu, the Court cannot compel Defendant to produce them for depositions. The Court will therefore deny Plaintiff's Motion in this regard. The Court will also deny Plaintiff's Motion regarding Mr. Marchionne as moot. The Court has already addressed Plaintiff's previously-filed Motion to Compel the deposition of Mr. Marchionne (docket no. 32), and Plaintiff's instant Motion to Compel Mr. Marchionne's deposition does not correct the deficiencies of the previous Motion.

Next, the Court acknowledges that, like his Supplemental Interrogatories, Plaintiff improperly served the deposition notices at issue in this matter via email. Defendant, however, did not serve Plaintiff with timely objections to those notices on that basis; instead, Defendant worked with Plaintiff to schedule dates for the depositions of Mr. Gross, Mr. Swartz, Mr. Ford, and Mr. Olzem. Accordingly, Defendant has waived any objections based on improper service, and the Court will not deny Plaintiff's Motion on that basis. The Court is also not inclined to deny Plaintiff's Motion on the basis that the depositions were originally noticed to be taken after the discovery deadline, as Plaintiff noticed the depositions before the deadline, and the deadline was later extended by two months. Thus, to the extent that the depositions of Mr. Gross, Mr. Swartz, Mr. Ford, and Mr. Orzel have not yet been taken, the Court will order Plaintiff to *properly* re-notice (not via email) their depositions for a mutually convenient time and place, and

13

it will order the parties to complete those depositions within forty-five (45) days of this Opinion and Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [32] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Plaintiff's Motion to Compel a more specific answer to Interrogatory no. 1 of his First Set of Interrogatories and Requests for Production is GRANTED IN PART. Defendant is ordered to amend its answer to Interrogatory no. 1 within fourteen (14) days of this Opinion and Order to either provide the names and job titles of the persons with whom Ms. Van Der Wiele consulted to respond to Plaintiff's First Set of Interrogatories and Requests for Production or explain that she did not consult with other persons to respond to the requests;

b. Plaintiff's Motion to Compel more specific answers to Interrogatory nos. 2-5 and RFP no. 3 of his First Set of Interrogatories and Requests for Production is DENED;

c. Plaintiff's Motion to Compel the deposition of Sergio Marchionne is DENIED; and

d. Plaintiff's Motion to Compel Defendant's responses to his Supplemental Interrogatories is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel More Specific Answers to Supplemental Interrogatories [35] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Plaintiff's Motion to Compel a more specific answer to Supplemental Interrogatory no. 1 is GRANTED IN PART. Defendant is ordered to amend its answer to Supplemental Interrogatory no. 1 within fourteen (14) days of this Opinion and Order to either provide the names and job titles of the persons with whom Ms. Van Der

Wiele consulted to respond to Plaintiff's Supplemental Interrogatories or explain that she did not consult with other persons to respond to the requests;

b. Plaintiff's Motion to Compel more specific answers to Supplemental Interrogatory nos. 2-7 and 10 is DENIED; and

c. Plaintiff's Motion to Compel more specific answers to Supplemental Interrogatory nos. 8 and 9 is GRANTED IN PART. Defendant will amend its answer within fourteen (14) days of this Opinion and Order to either provide the information requested or explain that after conducting a reasonable search and making a reasonable effort, it was unable to compile information responsive to these requests.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Depositions of Defendant's Employees [38] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Plaintiff's Motion to Compel the Depositions of Elizabeth Hummel, Babu, and Sergio Marchionne is DENIED; and

b. To the extent that the depositions of Andrew Gross, David Swartz, Robert Ford, and Jim Orzel have not yet been completed, Plaintiff's Motion to Compel their depositions is GRANTED. Plaintiff is ordered to *properly* re-notice the depositions of Mr. Gross, Mr. Swartz, Mr. Ford, and Mr. Orzel for a mutually convenient time and place, and the parties must complete those depositions within forty-five (45) days of this Opinion and Order.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  September 14,, 2017         s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated:  September 14, 2017          s/ Lisa C. Bartlett
                                    Case Manager